Mr. Justice ThacheR
delivered the opinion of the court.
This is error to Wilkinson county circuit court.
It was an action of assumpsit founded upon the due-bill of the plaintiff in error for’ $5000, payable to the bearer, “ in __ Brandon money,” and dated thé 26th day of January, 1839.
The delaration contained an averment that the term Brandon money, meant the notes of the Bank of the Mississippi and Alabama Railroad Company, at Brandon, Mississippi. The defendant below requested the court to charge the jury that the measure of damages in the case was the specie value of the Brandon Bank paper at the maturity of the due-bill, with interest, which charge the court refused to give. We see nothing in the other errors assigned which calls for our consideration.
. The contract was to pay in a certain species of bank notes, and their value at .the time of the date of the due-bill should have been ascertained by the assessment of the jury as the measure of the damages, together with interest. This was so decided by this court in the case of Samuel Bonnell v. Covington & Winston, January term, 1843. That action was founded upon a note payable “ in the current notes of either of the banks of Natchez, or of the Union Bank.” The court there say, “If there was any difference between the current notes of those banks, if there were any such, and specie, it may be estimated by the jury, and the defendants allowed the benefit of such difference. Their verdict must be for the value of the current notes in specie, at the time payment should have been made.”
Tire objection taken by the defendant in error that the bills of exception are not entitled of any court or cause, &c., we *496 do not think available. The bills of exceptions are regularly certified by the clerk of the court below, in the record, as appertaining to the cause, «fee., of which the record is entitled.
The judgment must be reversed, and a new trial awarded.